SCHOTTKY, J.
Fireman’s Fund Indemnity Company has appealed from a judgment in favor of Sacramento County in an action brought by the insurance company in which it sought to have a surety bond in favor of the county cancelled on the ground that there was no contract between the obligor and the county.
In 1955 in connection with a proposed subdivision the J. & D. P. Developers, Inc., filed a final subdivision map with the Board of Supervisors of Sacramento County. Accompanying that map and as a part thereof, over the signatures of the officers of the subdivider, was the following language:
“The undersigned hereby consents to the preparation and recording of this map of Washington Heights, Unit No. 1 and offers for dedication and does hereby dedicate to any and all public uses the way, streets, and avenue shown herein. ...”
This map was accepted by the board of supervisors on August 1, 1955. At the same time a surety bond issued by the insurance company was filed with the county. At the time of acceptance the streets were not improved and the purpose of the bond was to permit the sub divider to get the subdivision map accepted before the street work was completed. No formal agreement as to the street work was ever entered into between the subdivider and the county. Section 11611 of the Business and Professions Code states that the governing body shall as a condition precedent to the acceptance of any streets require that the subdivider either improve or agree to improve the streets. Section 11612 provides that if an agreement to improve the streets is entered into the governing body may require the agreement be secured by a bond, or it may accept in lieu thereof a cash deposit. Section 5 of Ordinance Number 390 of the county of Sacramento requires that the subdivider shall agree to improve all land dedicated for streets as a condition precedent to the acceptance of the final map. It was stipulated that no work was ever done in the subdivision and it remains unimproved.
After the bond was delivered appellant insurance company sought to have it returned on the ground that the bond was issued to secure performance under a contract and since there was no contract there could be no liability under the bond.
*321 Appellant insurance company contends that there was no evidence to support the trial court’s finding that there was an express contract between the developer and the county and that there can be no obligation on its part without a principal contract or obligation.
Appellant’s contention cannot be sustained. The evidence sustains the trial court’s finding that there was a contract between the county and the developer and that the surety bond secured the performance of the contract. The county ordinance pertaining to subdivisions, which was introduced in evidence, provided that in addition to the requirements prescribed by the Subdivision Map Act of the State of California and by ordinances enacted pursuant thereto the subdivider should make proper and adequate provisions for streets, drainage ways and utility easements or alleys, and should either improve or agree to improve all land dedicated for such purposes as a condition precedent to the acceptance and approval of the final map. The ordinance also provided that the required improvements be in accordance with the “Rules for Improvement of Roads and Streets to be Dedicated” as established by the board of supervisors by resolution. The ordinance further provided that if the improvement work was not completed prior to the acceptance of the final map and the owner desired that the streets be accepted it could enter into an agreement as contractor with the board of supervisors whereby in consideration of the acceptance of the offers of dedication the contractor would agree to complete the work specified in the agreement. In such a ease the contract had to be secured by a surety bond in a sum to be fixed by the county engineer, not in excess of the estimated cost of the improvement. While the “Rules for Improvement of Roads and Streets to be Dedicated” were not introduced in evidence, no one has questioned their sufficiency in point of certainty when considered with the subdivision map to inform the sub-divider, the county- and the surety company as to the work to be done. The surety bond itself recited that the subdivider intended to dedicate the streets in the subdivision as shown on the plat thereof; that the sub divider was required to furnish a bond to insure that it would improve the streets; and that if the sub divider failed the surety would pay for such improvements. The condition of the obligation was that if the subdivider failed “to grade and surface said public streets *322 and to provide drainage facilities, necessary street signs therefor, in a manner not less than the requirements set forth in ‘Rules for the Improvement of Streets and Roads to be Dedicated,’ adopted by the Board of Supervisors of Sacramento County on the 2nd day of May, 1951, as Resolution No. 9410,” then said surety would pay the county an amount not exceeding the amount of the bond. It is clear from the evidence presented that the sub divider desired to follow the alternative method of agreeing to improve the streets and that this was understood between it and the county when the subdivision map and the bond were presented to the county. When the county accepted the map and the bond a contract was entered into between the parties. While there may not have been a specific oral or written promise on the part of the subdivider to improve the streets in conformity with the statutory requirements, such promise may be implied from the conduct of the parties. Such a contract would be an express contract. “If it were not for precedent we should hesitate to speak of an implied-in-fact contract. In truth, contracts are either made in fact or the obligation is implied in law. If made in fact, contracts may be established by direct evidence or may be inferred from circumstantial evidence. The only difference is in the method of proof. In either case they would appear to be express contracts. ...” (Desny v. Wilder, 46 Cal.2d 715, 735-736 [299 P.2d 257].)
No other points require discussion. Since there was a contract between the sub divider and the county, appellant is bound on its surety bond.
The judgment is affirmed.
Van Dyke, P. J., and Peek, J., concurred.
A petition for a rehearing was denied April 25, 1960, and appellant’s petition for a hearing by the Supreme Court was denied May 25, 1960. Pooling, J. pro tem.,* participated therein in place of Spence, J.

Assigned by Chairman of Judicial Council.